**In re NAUTICA SPORTS CENTRE, INC., Debtor.**

**Bankruptcy No. 87–01179–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Dec. 21, 1987.

Sandy Karlan, Miami, Fla., for debtor.

Arthur S. Weitzner, Miami, Fla., for trustee.

Jeanette E. Tavormina, North Miami, Fla., Trustee.

Maitte R. Netsch, Miami, Fla., for Totalbank.

## ORDER SURCHARGING PORTION OF ADMINISTRATIVE EXPENSE

THOMAS C. BRITTON, Chief Judge.

The trustee's amended motion (C.P. No. 46) under 11 U.S.C. § 506(c) to surcharge secured creditors with a reasonable part of the administrative expense incurred in this case, together with the objection (C.P. No. 43) of a secured creditor to the requested attorney fee was heard November 30.

It is possible, I believe, to fix a formula for determination of a reasonable surcharge, but the precise determination of the amount requires more information than is presently available to me.

Section 506(c) provides:

"The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property *to the extent of any benefit to the holder of such claim.*"

The circumstances of this bankruptcy were such that the trustee was confronted with the emergency necessity of liquidating the debtor's assets immediately or risking unacceptable deterioration and expense, and was also required to continue the business operation for sufficient time to complete work in progress and return customers' property. The debtor's records were such that it was impossible at that time to determine, as subsequently became apparent, that there were secured claims of about $650,000 and assets of about $30,000.

Had that determination been possible, the trustee could have consulted the secured creditors for guidance before undertaking her immediate caretaking responsibilities. Her failure to do so in this case is both understandable and excusable.

The trustee and her counsel addressed the shambles left by the debtor and did an excellent job. There is no criticism of the work done by the trustee and her counsel. What they did was essential to the protection of the interest of the secured as well as unsecured creditors and a major portion of the expenses incurred in preserving and disposing of the assets subject to the liens of secured creditors benefited the holders of such claims.

There will be a part of this estate which is not subject to the lien of any secured creditor. That amount has not yet been fixed. Under these circumstances, the reasonable surcharge to each secured creditor

is that creditor's pro rata share of all reasonable administrative expenses. Until this estate is ready for final distribution, that sum cannot be determined. The *maximum* compensation payable to this trustee is dictated by § 326(a) and that limitation cannot be circumvented by imposition of a surcharge under § 506(c).

This case, which has now been pending eight months, will soon be concluded. Therefore, the trustee is directed to surcharge against the recovery of each secured creditor (if there be more than one entitled to distribution from this estate) that creditor's pro rata share of all administrative expenses approved by this court, with distribution to be made in such manner that all other creditors will bear only their pro rata share of those administrative expenses and in such manner that the total compensation to the trustee and her counsel shall be reasonable and shall not exceed the statutory maximum. The proposed final order of distribution to be submitted by the trustee may incorporate this formula without the necessity for any further hearing with respect to the amount of the surcharge.